**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**MARCUS O. WHITE,**

        **Petitioner,**

  **v.**
                                  **Criminal No. 2:01cr91-3**
                                  **Civil No. 2:05cv378**

**UNITED STATES of AMERICA,**

        **Respondent.**

**OPINION & ORDER**

This matter is before the Court on pro se Petitioner's motion to "vacate, set aside, or correct an unconstitutional sentence and/or conviction pursuant to the 'actual innocence/savings clause' of the A.E.D.P.A." ("§ 2255" or "§ 2255 motion"), filed on June 20, 2005.  Doc. 42.

**I.  Procedural History**

On August 30, 2001, Petitioner pled guilty to counts 2, 5, and 7 of a superseding indictment, respectively charging Petitioner with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d), and two counts of using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  Doc. 30.  On December 11, 2001, the Court sentenced Petitioner to five hundred forty (540) months' incarceration, which consisted of one hundred twenty (120) months' on count 2, one hundred twenty (120) months' on count 5, to run consecutively to count 2, and three hundred (300) months' on count 7, to run consecutively to counts 2 and 5.  Doc. 34.

Petitioner did not pursue a direct appeal of his conviction or sentence; therefore, his judgment of conviction for the purposes of 28 U.S.C. § 2255 became final when the Court entered its judgment on December 11, 2001.  See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

## II.  Statute of Limitations

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  This limitation period runs from the latest of (1) the date on which judgment of conviction became final; (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the Untied States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court of the United States of America, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255 ¶ 6.

## III.  Analysis

Petitioner's § 2255 was filed long after one year from entry of the Court's judgment.  28 U.S.C. § 2255 ¶ 6(1).  Petitioner does not allege that governmental action impeded his making of a § 2255 motion, nor does Petitioner assert that his motion relies on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review.  28 U.S.C. § 2255 ¶ 6(2) & (3).  Petitioner instead alleges that his motion is not time-barred under 28 U.S.C. § 2255 ¶ 6(4) and because he is making a claim of actual innocence.

## A.  28 U.S.C. § 2255 ¶ 6(4)

Petitioner asserts that his motion was filed within one year of when "the facts supporting

the claim or claims presented could have been discovered through the exercise of due diligence."

Doc. 42 at 1 & 12.  Petitioner asserts that "the facts supporting the claims have only recently

been discovered and reasonably articulated through the exercise of substantial '[d]ue

[d]iligence.'" Id. at 1.  Petitioner continues that:

> "[A]fter conviction and also sentencing his attorney advised 'that there are no
> appealable errors[.]'  Thus the petitioner began exercising due diligence towards
> obtaining his file, critical documents and evaluating his plight of a 540 month term
> of imprisonment[.]"

Id. at 12.  Petitioner then alleges deficiencies in the superseding indictment.  Id.  However,

Petitioner fails to identify any facts that Petitioner would not have known by the entry of the

Court's judgment, and Petitioner provides no dates when these allegedly-recent discoveries

occurred.  Therefore, the Court **FINDS** that Petitioner's motion is time-barred under 28 U.S.C. §

2255 ¶ 6(4).

## B.  "Actual Innocence" Exception

Petitioner asserts that the untimeliness of his § 2255 motion is excused under the actual

innocence exception.  Doc. 42 at 1-2, 5-6, & 9-10.  However, the United States Court of Appeals

for the Fourth Circuit has limited the availability of this exception to capital case and to

applications of career or habitual offender enhancements in non-capital cases.  United States v.

Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999).  Cf. Dretke v. Haley, 541 U.S. 386, 393-94

(2004) (expressly declining to address the availability of the "actual innocence" exception to

noncapital sentencing errors).  As Petitioner did not face the death penalty and does not challenge

an application of a recidivist enhancement at sentencing, the "actual innocence" exception is not available to cure Petitioner's procedural default.  See Mikalajunas at 494-95.

### IV.  Conclusion

Petitioner's § 2255 motion is hereby **DISMISSED**.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Petitioner and counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.  If Petitioner wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
August 14, 2006