IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



MARCUS O. WHITE,

    Petitioner,

v.                            Criminal No. 2:01cr91-3
                              Civil No. 2:14cv424

UNITED STATES of AMERICA,

    Respondent.

## OPINION & ORDER

This matter is before the Court on pro se Petitioner Marcus Owen White's ("Petitioner") Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"), docketed on August 18, 2014. Doc. 53. For the reasons stated herein, the Court **FINDS** that Petitioner's Motion is a "second or successive" petition filed pursuant to Section 2255. As Petitioner has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition, Petitioner's Motion is not properly before this Court and is **DISMISSED**. As such, Petitioner's Letter Motion to extend time to file a supplemental memorandum of laws pertaining to his Motion, Doc. 55, is **DISMISSED** as **MOOT**.

### I. BACKGROUND

On August 30, 2001, Petitioner plead guilty to Counts 2, 5, and 7 of a superseding indictment charging Petitioner with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d), and two counts of Using and Carrying a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Doc. 30. On December 11, 2001, the Court sentenced

Petitioner to five-hundred and forty (540) months incarceration and restitution in the amount of approximately $60,000. Doc. 34.

On June 20, 2005, Petitioner filed his first Motion to Vacate ("First Motion") pursuant to 28 U.S.C. § 2255, Doc. 42, which was dismissed by the Court as "time-barred" on August 18, 2006. Doc. 43. On September 21, 2006 and October 16, 2006 respectfully, Petitioner submitted two letters that were construed by the Court as follows. The letter sent in September ("September Letter") did not clearly state a request; as such, the Court construed the September Letter as either a notice of appeal or a motion for reconsideration of the Court's August 18, 2006 Order Dismissing Petitioner's First Motion. Doc. 47. The Court denied the September Letter as moot, if construed as a notice of appeal, because the matter was pending appeal with the Fourth Circuit, and also denied the September Letter as time-barred without exception if construed as a motion for reconsideration. Id. The letter sent in October ("October Letter") was construed as a motion for reconsideration and also denied. Id. The Fourth Circuit dismissed Petitioner's appeal by unpublished per curiam opinion on April 27, 2007. Doc. 49. On August 18, 2014, Petitioner filed the instant Motion. Doc. 53.

## II. LEGAL STANDARD

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "'inherently result[] in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In order to move a district court to vacate, set aside, or correct a sentence under Section 2255, a petitioner must prove that one of the following occurred: (1) that his "sentence was imposed in violation of the Constitution or laws of the United States;" (2) that the Court was without jurisdiction to impose such a sentence; (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). A petitioner bears the burden of proving grounds for collateral review of his sentence by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a gate-keeping function for federal district courts presented with "second or successive" petitions for collateral review of criminal sentences. See In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999). "In the absence of pre-filing authorization [from the Fourth Circuit], the district court lacks jurisdiction to consider a [successive] application." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); see also Burton v. Stewart, 549 U.S. 147, 153 (2007). Nevertheless, "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." Williams, 444 F.3d at 235; see also Panetti v. Quarterman, 551 U.S. 930, 944 (2007) ("The Court has declined to interpret 'second or successive' as referring to all . . . applications filed second or successively in time, even when the later filings address a . . . judgment already challenged in a prior . . . application.").

Where "the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009); see also Panetti, 551 U.S. at 947 ("We are hesitant to construe [§ 2244], implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party."); In re Taylor, 171 F.3d 185, 187–88 (4th Cir. 1999) (holding that petitioner's § 2255 motion was not "second or successive" because petitioner "expressly seeks to raise only those issues that originated at the time of his resentencing, after his first § 2255 petition had been granted").

## III. ANALYSIS

Petitioner has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 previously in this case. See Doc. 42. Thus, the authorization of the Fourth Circuit is required before Petitioner may file his Motion with this Court, 28 U.S.C. § 2255(h), unless "the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition." Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009). In the present Motion, Petitioner makes two claims. First, Petitioner claims what is being construed as "Denial of Effective Assistance of Counsel." Doc. 53 at 6. Petitioner made the same claim, on similar grounds, in his First Motion.[1] As such, the purported defect arose prior to the conclusion of the previous petition and does not provide sufficient grounds for review.

Second, Petitioner claims what is being construed as a "Conviction Obtained by Plea of Guilty which was . . . Not Made . . . with Understanding . . .". See Id. at 5. Petition made the same claim, albid on slightly different grounds, in his First Motion.[2] Here, Petition claims the statute of limitations did not begin to run on this particular claim until January 28, 2014, when "the breach was discovered." Doc. 53. Petitioner alleges that the plea agreement was breached because, at the time of signing, his agreement to pay restitution lacked a statutory source. Doc. 53. In the plea agreement, Petitioner merely agreed "to the entry of a Restitution Order for the full amount of the victims' losses," and regardless, the purported defect arose prior to the conclusion of the previous petition and does not provide sufficient grounds for review. When the defect was discovered by Petitioner has no bearing on the present analysis.

Thus, the Court is without jurisdiction to consider the merits of Petitioner's claim.

---

[1] Claiming that his former attorney, Duncan Robert St. Clair III, "dooped" him into signing a plea agreement he did not understand. Doc. 42.

[2] Claiming "I honestly did not realize nor did I understand what I was doing [when signing the plea agreement]." Doc. 42.

4

Winestock, 340 F.3d at 205. Therefore, the Motion must be **DISMISSED** as "second or successive."

## IV. CONCLUSION

For the reasons stated herein, the Court **DISMISSES** Petitioner's Motion, Doc. 53. As such, Petitioner's Letter Motion to extend time to file a supplemental memorandum of laws pertaining to his Motion, Doc. 55, is **DISMISSED** as **MOOT**.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability is also **DENIED**.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner and to all counsel of record.

It is so **ORDERED**.

                                            /s/
                              Henry Coke Morgan, Jr.
                              Senior United States District Judge
                              HENRY COKE MORGAN, JR.
                              SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 11, 2015